IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:13CR062

AMNEH TAYE,

      Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on the DEFENDANT'S UNOPPOSED MOTION TO CONTINUE (Docket No. 6) ("MOTION TO CONTINUE"). As addressed during the conference call on April 3, 2013, before ruling on the MOTION TO CONTINUE, the implications of the Speedy Trial Act ("Act"), 18 U.S.C. §§ 3161-3174, must be considered.

Pursuant to 18 U.S.C. § 3161(c)(1), the seventy-day speedy trial period begins to run "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer *of the court in which such charge is pending*, whichever date last occurs." 18 U.S.C. § 3161(c)(1) (emphasis added). Accordingly, it is arguable, and many courts have held, relying on the plain language of the statute, that the seventy-day speedy trial period does not begin to run until the Defendant *physically* appears in the district in which the charge is pending. See United States v.

1

Moreno, 2011 WL 1791301, at *2 (W.D.N.C. May 10, 2011)(citing 18 U.S.C. § 3161(c)(1), explaining that the speedy trial period begins to run from the date of the filing and making public of the indictment or "*from the date the defendant has appeared before a judicial officer of the court in which such charge is pending*, whichever date last occurs," and holding that Moreno's initial appearance in the Southern District of Texas did not trigger the speedy trial period)(emphasis added); United States v. Mayers, 2008 WL 64683 (W.D.N.C. Jan. 2, 2008)(holding that defendant's appearance in District of South Carolina did not trigger speedy trial clock because the charges were pending in the Western District of North Carolina). See also United States v. Wilkerson, 170 F.3d 1040, 1042 (11th Cir. 1999)(holding that the plain language of the statute establishes that the defendant's appearance in the Northern District of Florida did not trigger speedy trial clock because the charge was pending in the Middle District of Florida), cited in 3B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 833 (3d ed. 2012); United States v. Young, 814 F.2d 392, 395 (7th Cir. 1987)(holding that defendant's appearance in Michigan did not trigger Act when charges were pending in Indiana); United States v. Wickham, 30 F.3d 1252, 1254 (9th Cir. 1994)(holding that defendant's appearance in Texas did not trigger Act when charge was pending in the Central District of California).

However, there can be a question with regard to the meaning of the word "appeared" as used in the Speedy Trial Act. In <u>United States v. Crooker</u>, 2011 WL 147687 (D. Mass. Jan. 18, 2011), the defendant made a motion to waive his physical appearance at arraignment in 2008, pursuant to Fed. R. Crim. P. 10(b), and requested that the court enter a plea of not guilty. In 2010, the defendant moved to dismiss the charges against him with prejudice for alleged violation of the Act, which he argued was triggered by the waiver of appearance at his arraignment in 2008.

In reaching a decision as to "whether Crooker's waiver of appearance at his arraignment nevertheless constituted an 'appearance' under the Act starting the seventy-day clock," the district court first examined the language in the Speedy Trial Act, noting that the language "does not explicitly require a physical appearance by a defendant to trigger its applicability," and that "the common use of the term 'appearance' in the context of legal proceedings does not necessarily imply physical presence." 2011 WL 147687, at *3. "An appearance may be expressly made by formal written or oral declaration, or record entry, or it may be implied from some act done with the intention of appearing and submitting to the court's jurisdiction." <u>Id.</u> (quoting 4 AM. JUR. 2d *Appearance* § 1, at 620 (1995) <u>quoted in</u> BLACK'S LAW DICTIONARY 107 (8th ed. 2004)). The district

3

court in Crooker stated that "[t]he absence in the Speedy Trial Act of an explicit reference to physical presence contrasts with the Federal Rules of Criminal Procedure which clearly state when a physical presence of a defendant is required." Id. at *4 (citing Fed. R. Crim. P. 43).

Rule 43 does not use the words "appear" or "appearance," but uses instead "defendant's presence" and "defendant must be present." Rule 43 requires the presence of a defendant at the "initial arraignment," so one could argue that the requirement in Rule 43 supports an inference that the defendant's physical presence at the arraignment is required to trigger the running of the speedy trial clock. An "axiom of interpretation [is] that the rules should be read together as an integrated, harmonious whole." United States v. Mechanik, 756 F.2d 994, 997 (4th Cir. 1985)(Wilkinson, J., dissenting), aff'd in part, rev'd in part, 475 U.S. 66 (1986). See also Red Rock v. Henry, 106 U.S. 596, 601-02 (1883)(holding that statutes must be read so as to coexist harmoniously unless congressional intent is "clear and manifest").

In the Crooker decision, the court cited four cases to support its contention that "the common practice of courts . . . is to treat the waiver [of arraignment] as a Speedy Trial Act 'appearance.'" Id. at *4 (citing United States v. Garcia, 995 F.2d 556, 559 n.7 (5th Cir.

1993)(per curiam)(treating the defendant's waiver of appearance at arraignment as "tantamount to a first appearance"); United States v. Armann, 2010 WL 3743638, at *2 (E.D. Wis. Sept. 22, 2010)(holding that appearance by way of videoconference would trigger the Speedy Trial Act); United States v. Hernandez-Amparan, 600 F. Supp. 2d 839, 841 (W.D. Tex. 2009)(finding that "the Speedy Trial Act began to run on the" date that defendant's "Waiver of Appearance was filed"); United States v. Luedecke, 2006 WL 2040123 (D.N.H. July 20, 2006)(calculating the seventy-day period from the waiver of formal arraignment)). Finding that "the issue is not free from doubt, given the lack of explicit language in the Speedy Trial Act," the Crooker court concluded that "the obvious purposes of the Act are best advanced by finding that the speedy trial clock started at the date of arraignment . . . albeit pursuant to Crooker's waiver of his physical presence at that proceeding." Id. The court then calculated the number of days that were excluded from the seventy-day period to determine whether there was compliance with the Speedy Trial Act.

The Defendant herein has moved for a continuance of "the initial appearance[1] which is currently scheduled to occur on April 5, 2013," due to physical and mental health issues, including her pregnancy,

---

[1]According to the docket entry of March 22, 2013, this matter is set for an arraignment and bond hearing on April 5, 2013 before United States Magistrate Judge Lauck. Those proceedings would also

5

until September 2013. The United States does not oppose the continuance.

As discussed above, many courts have held, relying on the plain language of the statute, that the seventy-day speedy trial period does not begin to run until the Defendant *physically* appears in the district in which the charge is pending. But given the uncertainty with regard to whether the United States Court of Appeals for the Fourth Circuit would adopt that view or whether it would rule that the seventy-day period was triggered in this matter by the filing of the MOTION TO CONTINUE, the Court construes the MOTION TO CONTINUE as a motion to continue the initial appearance, bond hearing, and arraignment and to exclude such "periods of delay . . . in computing the time within which the trial . . . must commence," pursuant to 18 U.S.C. § 3161(h).

Accordingly, having considered the MOTION TO CONTINUE as such, and having considered the position of the United States, which concurs with that of the Defendant, it is hereby ORDERED that the DEFENDANT'S UNOPPOSED MOTION TO CONTINUE (Docket No. 6) is granted. It is further ORDERED that the arraignment, bond hearing, and initial appearance herein are continued to early September 2013. Counsel are directed to call the chambers of the undersigned on August 29, 2013 at 9:30

---

constitute her initial appearance in this matter.

a.m. for a conference call, during which counsel shall provide a status report to the Court in order that the appropriate proceedings can be scheduled for early September 2013.

The Court finds that granting the MOTION TO CONTINUE serves the ends of justice, that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial, and that the period of time from the filing of the MOTION TO CONTINUE to the Defendant's initial appearance in the Eastern District of Virginia is excludable, pursuant to 18 U.S.C. § 3161(h)(7).

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 3, 2013